**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**STEVEN A. HAFF,**

     **Plaintiff,**

-vs-               **Case No. 6:07-cv-205-Orl-28DAB**

**INFINITY PROTECTION SERVICE, INC.**
**and ADRIAN ELLIS,**

     **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT NOTICE OF SETTLEMENT AND MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 25)** |
| **FILED:** | **April 30, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on June 12, 2007 with counsel for both parties present.

Plaintiff was employed by Defendants as a security guard from September 2005 to January 2006. Doc. No. 20. The extent of the amount of Plaintiff's overtime was disputed by both sides, with Plaintiff seeking approximately $5,775 for alleged unpaid overtime worked[1]. The settlement to Plaintiff of $1,896 in unpaid wages and $1,896 in liquidated damages represents compensation for approximately 505 hours, or three-quarters of the 665 estimated overtime hours Plaintiff originally sought. *See* Doc. No. 20.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,207.50 in attorney's fees and costs, to which the Defendants had no objection. The amount of fees are not unreasonable under the circumstances of this case.

---

[1]Plaintiff became incarcerated during the course of the litigation, making it more difficult for Plaintiff's counsel to communicate with him.

Settlement in the amount of $3,792.50 to Plaintiff for unpaid wages and liquidated damages, and $3,207.50 for attorney's fees is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 12, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy